Mr. Justice Clayton
delivered the opinion of the court.
This was a bill or petition of review, filed in the probate court of Yazoo county, to review and reverse a settlement of his accounts, which the administrator had made at a previous term. It alleges that the settlement was made without notice to the complainants, either express or constructive. The defendant filed a demurrer, which was sustained, and the bill dismissed.
It has already been decided, that a bill of review will not lie in the probate court.
A settlement made without notice, as prescribed by the statute, would be void. The demurrer admits this charge in the bill. But it would be a solecism to review a void settlement, with a view to correct it; to treat it as something in existence for some purposes, and as a nonentity for others. By a proper original proceeding, if the former settlement be void, for want of notice, the account might be restated, and a new settlement had. But a bill of review is not the remedy, especially as the probate court cannot entertain jurisdiction of such a mode of proceeding.
Some of the items in the account, as stated in the bill of review, those, for instance, which are charged by the administrator, for board and maintenance of the infant distributees, do not pertain to an administration account. They may be proper charges by a guardian against his ward, but if such disbursements be made by an administrator, they cannot enter into his account against the estate. Green v. Green, 3 S. & M. 526; Jones v. Coon et al. 5 S. & M.
Even then, if the notice were given, the settlement could not conclude the petitioners as to these items, because beyond *605 the jurisdiction of the court, and its order to that extent is void. These may, therefore, be investigated in some other shape.
The order of the court below must be affirmed, and the bill dismissed without prejudice.
Judgment affirmed.